UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY F. YBARRA and VIRGINIA
R. YBARRA,

      Plaintiffs,

                                  CASE NO. 2:12-cv-12293
v.                              JUDGE NANCY G. EDMUNDS
                                  MAGISTRATE JUDGE PAUL KOMIVES

WELLS FARGO, and AMERICAN
HOME MORTGAGE SERVICING,

      Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT WELLS FARGO'S
MOTION TO DISMISS (docket #2)**

I.      RECOMMENDATION: The Court should grant defendant's motion to dismiss.

II.     REPORT:

A.     *Background*

Plaintiffs Henry F. and Virginia R. Ybarra, proceeding *pro se*, commenced this action in the Wayne County Circuit Court on May 3, 2012. On May 25, 2012, defendant Wells Fargo removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441. Plaintiffs complaint concerns a mortgage on the property located at 1074 Highland, Lincoln Park, Michigan, and officially described as "LOT 1296, including one half of the vacated alley located at the rear thereof and adjacent thereto, EMMONS ORCHARD SUBDIVISION NO. 1, according to the plat thereof as recorded in Liber 41 of Plats, Page 81, Wayne County Records." *See* Compl., Ex. A. Plaintiffs obtained this property by warranty deed on October 13, 2006. *See id*. On the same date, plaintiffs granted a mortgage on the property to defendant American Home Mortgage in the amount of $80,000.00. *See* Def.'s Mot. to Dismiss, Ex. C. The mortgage provided that Mortgage Electronic Registration Systems, Inc. (MERS)

was acting as the nominee for the lender and was the mortgagee under the security instrument. *See id.* at 2. The mortgage was subsequently assigned to Wells Fargo. *See id.*, Ex. D. Although American Home Mortgage was named as a defendant in this case, it was dismissed without prejudice upon the stipulation of the parties. Apart from the allegations identifying the property and alleging that plaintiff's are the lawful owners of the property, plaintiff's complaint is bereft of any factual allegations. Rather, the complaint cites to a litany of statutes, rules, or legal principals. Specifically, the complaint references: (1) Articles 3 and 9 of the Uniform Commercial Code; (2) the Fair Debt Collection Practices Act (FDCPA); (3) MICH. COMP. LAWS § 600.2109; (4) fraud; (5) improper assignment; (6) the "REMIC law"; and (7) the Real Estate Settlement Procedures Act (RESPA).

The matter is currently before the Court on defendant Wells Fargo's motion to dismiss, filed on May 29, 2012. Defendant argues that plaintiff's complaint fails to satisfy Rule 8 and does not state a claim upon which relief may be granted. Plaintiffs, still proceeding *pro se*, filed a response on May 31, 2012. Plaintiffs contend that they have evidence that defendant violated the FDCPA, and that they can establish legal violations to demonstrate the need to quiet title. They also seek leave to amend their complaint, and assert that defendant violated the Home Affordability Modification Program (HAMP). Defendant filed a reply on June 18, 2012.

On August 29, 2012, counsel filed an appearance on behalf of plaintiffs. The parties appeared for a status conference on October 4, 2012, resulting in an Order providing that "[p]laintiff's counsel shall file an amended complaint by stipulation and order, or motion for leave to file amended complaint by November 5, 2012." Order, dated 10/5/12. No amended complaint or motion for leave to amend was filed by counsel. I conducted a second status conference on December 11, 2012, which resulted in a further scheduling order. That Order provided:

Plaintiffs SHALL file an amended complaint by stipulation and order, or a motion for

> leave to file an amended complaint, no later than Tuesday, January 15, 2013.
>
> If a stipulated amended complaint or a motion for leave to amend is filed, then the Court may conduct another status conference to determine whether a disposition on the pending motion to dismiss is necessary, as that motion relates to the original complaint, and whether the parties are interested in conducting a settlement conference.
>
> Furthermore, if no stipulated amended complaint or motion for leave to amend is filed, Tuesday, January 15, 20[1]3 will also be the date by which plaintiffs SHALL file any further response to defendant Wells Fargo's pending May 29, 2012 motion to dismiss. Any such response WILL supercede the responses previously filed by plaintiffs.
>
> Finally, plaintiffs are cautioned that, if they do not file either a stipulated amended complaint or a motion for leave to amend or a further response to the pending dispositive motion by January 15, 20[1]3, then the undersigned may enter a report recommending that the case be dismissed for failure to prosecute.

Order, dated 12/12/12, at 4. Notwithstanding this Order, no amended complaint, motion for leave to amend, or further response to defendant's motion to dismiss has been filed.

For the reasons that follow, the should grant defendant's motion to dismiss.

C.      *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

To the extent that plaintiffs allege fraudulent conduct on the part of defendant, such allegations must satisfy the heightened pleading requirement of Rule 9(b), which provides that "[i]n alleging

4

fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation omitted).

Ordinarily, a court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, Rule 10 provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). Thus, the Court may consider the exhibits attached to plaintiff's complaint in deciding whether the complaint states a claim upon which relief may be granted. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."); *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996). Further, "[a] court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim" without converting the motion to dismiss into one for summary judgment. *Welch v. Decision One*, No. 12-10045, 2012 WL 4008730, at *2 (June 25, 2012) (Randon, M.J.) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)), *magistrate judge's report adopted*, 2012 WL 4020976 (E.D. Mich. Sept. 12, 2012) (Rosen, J.); *see also*, *Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008). Thus, the court may consider the mortgage documents attached to defendant's motion without converting the motion into a motion for

summary judgment.

C. *Analysis*

    1. *Sufficiency of the Complaint as a General Matter*

At the outset, plaintiffs' complaint wholly fails to satisfy the requirements of Rule 8. As noted above, the complaint is wholly devoid of any factual allegations. The entirety of plaintiffs' complaint consists of statements of general legal principles and conclusory assertions that defendant failed to do certain things. The complaint does not provide any factual information about the property, mortgage, or foreclosure at issue, or allege any specific acts or omissions on the part of defendant. Plaintiffs' unadorned, conclusory allegations of harm, with no factual enhancement, fail to state a claim for relief. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. Accordingly, the Court should grant defendant's motion to dismiss.

    2. *Validity of Plaintiff's Various Legal Assertions*

Moreover, even delving into the specific legal principles and statutes cited by plaintiffs in their complaint, it is clear that the complaint fails to state a claim upon which relief may be granted.

*a. Fraud*

The title of plaintiffs' complaint references "Mortgage Assignment Fraud/Securities Fraud/Servicing Fraud." Compl., at 1. The complaint also makes various assertions that defendants committed fraud or that certain documents are fraudulent. Apart from simply asserting fraud, however, the complaint does not allege any specific fraudulent actions on the part of defendant or any of its agents or employees. Plaintiffs do not allege, as required by Rule 9(b), who made fraudulent statements or omissions, what those statements were, when they were made, or how he relied on them to his detriment. Plaintiffs' conclusory allegations of fraud are insufficient to state a claim. *See Harvey v. PNC Bank*, No. 12-CV-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (Hood,

6

J.); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *10 (E.D. Mich. May 25, 2012) (Rosen, J.). Accordingly, defendant is entitled to dismissal of the fraud claim.

### b. Validity of Assignment

To the extent plaintiffs seek to challenge the validity of the assignment, they lack standing to pursue such a claim. The mortgage note explicitly grants the lender a right to sell or assign the note. *See* Def.s' Br., Ex. C, ¶ 20. This being the case, any problems in the assignment between American Home Mortgage or MERS and defendant is a matter between those parties, but does not relieve plaintiff of the indebtedness or provide a basis upon which plaintiff can challenge the assignment. *See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 736-37 (E.D. Mich.) (Feikens, J.), *aff'd*, 399 Fed. Appx. 97, 102-03 (6th Cir. 2010).

### c. MCLA § 600.2109

In the title of their complaint, plaintiffs assert that defendant violated MICH. COMP. LAWS § 600.2109, which provides:

> All conveyances and other instruments authorized by law to be filed or recorded, and which shall be acknowledged or proved according to law, and if the same shall have been filed or recorded, the record, or a transcript of the record, or a copy of the instrument on file certified by the officer in whose office the same may have been filed or recorded, may be read in evidence in any court within this state without further proof thereof; but the effect of such evidence may be rebutted by other competent testimony.

MICH. COMP. LAWS § 600.2109. Apart from the fact that plaintiff has failed to allege any facts relating to this claim, § 600.2109 is wholly inapplicable. This statutory provision, part of the Revised Judicature Act, establishes a rule for the introduction of evidence in court. It has no applicability to the recording of instruments nor does it create any cause of action. *See Ethridge v. Countrwide Home Loans, Inc.*, No. 12-cv-10705, 2012 WL 5389694, at *6 (Oct. 16, 2012) (Michelson, M.J.), *magistrate judge's report adopted*, 2012 WL 5389343 (E.D. Mich. Nov. 2, 2012) (Edmunds, J.); *Easton v.*

7

*Fannie Mae*, No. 12-CV-10663, 2012 WL 1931536, at *3 (E.D. Mich. May 29, 2012) (Steeh, J.); *Stafford v. Mortgage Elec. Registration Sys., Inc.*, No. 12-10798, 2012 WL 1564701, at *4 (E.D. Mich. May 2, 2012) (Cohn, J.). Accordingly, defendant is entitled to dismissal of any claim based on § 600.2109.

### d. RESPA

Plaintiffs also allege, in conclusory fashion, that American Home Mortgage and defendant violated the Real Estate Settlement Procedures Act. This claim fails, for two reasons. First, plaintiffs has not alleged any facts to show that American Home Mortgage or defendant violated RESPA. They do not cite any specific provisions of RESPA that were violated, or explain which notices or disclosures required by the Act they were not provided. Thus, plaintiffs'' complaint fails to state a claim. *See Shaya v. Countrywide Home Loans, Inc.*, No. 10-13878, 2011 WL 1085617, at *4 (E.D. Mich. Mar. 22, 2011) (Cox, J.). Further, any claims based on RESPA are barred by the statute of limitations. The applicable limitations provision requires that a claim be brought either within either 3 years or 1 year, depending on the type of violation alleged. *See* 12 U.S.C. § 2614. By the terms of the statute, the limitations period runs from the date of the "occurrence," not the date the violation is discovered, and the date of the occurrence is the date on which the loan documents are executed. *See Harris v. CitiMortgage, Inc.*, No. 11-1591, 2012 WL 2935594, at *6 (D.D.C. July 19, 2012) (citing *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 395 (5th Cir. 2003); *Palmer v. Homecomings Fin., LLC*, 677 F. Supp. 2d 233, 237-38 (D.D.C. 2010)); *Poskin v. TD Banknorth, N.A.*, 687 F. Supp. 2d 530, 552-53 (W.D. Pa. 2009). Here, the loan was closed on October 13, 2006, and plaintiffs filed their state court complaint on May 3, 2012, well outside the three year limitation period. Accordingly, the Court should conclude that defendant is entitled to dismissal of plaintiff's RESPA claim.

### e. FDCPA

8

Plaintiff also appears to be attempting to assert a claim under the Fair Debt Collection Practices Act. *See* Compl., ¶ 17. As with his RESPA claim, plaintiff does not set forth any factual allegations supporting this claim, or allege what provisions of the FDCPA were violated, and in what manner. Further, it is clear that plaintiff could not maintain a claim under the FDCPA By its terms, the statute applies only to "debt collectors," *see Glazer v. Chase Home Finance LLC*, ___ F.3d ___, ___, 2013 WL 141699, at *2 (6th Cir. Jan. 14, 2013), which is defined as a person who "attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Thus, "a creditor is not a debt collector under the FDCPA." *Joyner v. MERS*, 451 Fed. Appx. 505, 507 (6th Cir. 2011) (citing *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734-35 (6th Cir. 2007)). Defendant is not attempting to collect a debt owed another. Rather, by virtue of the assignment, defendant owns the debt and is plaintiff's creditor. Thus, defendant is not subject to the FDCPA and is entitled to dismissal of plaintiff's FDCPA claim.

*f. UCC*

Plaintiffs next appear to assert a claim based on Articles 3 and 9 of the Uniform Commercial Code. *See* Compl., ¶¶ 4-5. Again plaintiffs have failed to cite any specific provision that was violated, or to allege any facts to support a claim based on Article 3. Further, any such claim is without merit as a matter of law. " Article 3 of the UCC does not apply to a mortgage for real property, because it is not a negotiable instrument." *Pace v. Bank of America, N.A.*, No. 12-12014, 2012 WL 5929931, at *2 (E.D. Mich. Nov. 27, 2012) (O'Meara, J.); *see also*, *Jaboro v. Wells Fargo Bank, N.A.*, No. 10-11686, 2010 WL 5296939, at *6 (E.D. Mich. Dec. 20, 2010) (Duggan, J.). Further, Article 9 is inapplicable because "Article 9 of the UCC applies to personal property, not real property." *Pace*, 2012 WL 5929931, at *2. Accordingly, defendant is entitled to dismissal of plaintiffs' UCC claim.

### g. REMIC Regulations

Plaintiffs also assert a violation of the statutes and regulations governing Real Estate Mortgage Investment Conduits. This claim is without merit. "'REMIC' is a real estate mortgage investment conduit, i.e., an entity owning a collateralized pool of real estate mortgages and related securities that satisfy certain technical requirements in the Internal Revenue Code." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 761 F. Supp.2d 504, 525 fn. 9 (S.D. Tex. 2011). The REMIC statutes and regulations, in other words, are tax laws. Even if they were violated, the harm was to the government, not to plaintiffs, and plaintiffs therefore has no viable cause of action based on defendant's alleged failure to comply with this statutes and regulations. *See Moore v. Bank of America*, No. 12-12907, 2012 WL 6194225, at *5 (Nov. 13, 2012) (Whalen, M.J.), *magistrate judge's report adopted*, 2012 WL 6191499 (E.D. Mich. Dec. 12, 2012) (Friedman, J.); *Stafford v. Mortgage Electronic Registration Systems, Inc.*, No. 12-10798, 2012 WL 1564701, at *4 (E.D. Mich. May 2, 2012) (Cohn, J.) (citing cases). Accordingly, defendant is entitled to dismissal of this claim.

### h. Unjust Enrichment

Defendant is also entitled to dismissal of any claim by plaintiffs based on a theory of unjust enrichment. *See* Compl., ¶ 18. It is well established under Michigan law that a quasi-contract or implied contract theory, such as unjust enrichment, can only be maintained if the transaction in question is not the subject matter of an express contract. *See Barber v. SMH (U.S.), Inc.*, 202 Mich. App. 366, 375, 509 N.W.2d 791, 796 (1993); *Kuhfeldt v. Liberty Mut. Ins. Co.*, 833 F. Supp. 632, 638 (E.D. Mich. 1993) ("There cannot be an express and an implied contract covering the same subject matter at the same time."). Here, there was an express contract covering the mortgage and loan to plaintiff, and thus an unjust enrichment claim is not viable. *See McCann v. U.S. Bank, N.A.*, 873 F. Supp. 2d 823, 847 (E.D. Mich. 2012) (Ludington, J., adopting Report of Binder, M.J.); *Collins v.*

*Wickersham*, 862 F. Supp.2d 649, 657-58 (E.D. Mich. 2012) (Duggan, J.).

### I. Quiet Title

Plaintiffs also assert a claim for quiet title. "Although styled as a separate claim for relief, quiet title is a remedy and not a separate cause of action." *Steinberg v. Federal Home Loan Mortg. Corp.*, ___ F. Supp. 2d ___, ___, 2012 WL 4498297, at *7 (E.D. Mich. 2012) (Hood, J.). Plaintiffs bear the initial burden of demonstrating an interest in the property. *See id.* In order to properly allege a quiet title action, plaintiffs must meet the requirements of MICH. CT. R. 3.411. *See Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 917 (E.D. Mich. 2012) (Cohn, J.). Rule 3.411, in turn, provides that "[t]he complaint must allege (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." MICH. CT. R. 3.411(B)(2). Here, plaintiffs do not allege any facts demonstrating a legitimate title dispute, or that would show that they have a superior interest in the property. To the extent plaintiffs attack the mortgage industry in general or any foreclosure proceedings that may have occurred, their challenge "'does not address a legitimate title dispute.'" *Mekani v. Homecomings Financial, LLC*, 752 F. Supp. 2d 785, 796 (E.D. Mich. 2010) (Borman, J.) (quoting *Anaya v. Advisors Lending Grp.*, No. 09-1191, 2009 WL 2424037 at *7 (E.D. Cal. Aug. 5, 2009)). "Plaintiff[s'] failure to 'provide [any] legal or factual justification for [their] quiet title claim . . .' necessitates dismissal of [their] quiet title claim." *Id.* (quoting *Urbina v. Homeview Lending Inc.*, 681 F. Supp.2d 1254, 1262 (D. Nev. 2009)). Accordingly, the Court should grant defendant's motion with respect to plaintiffs' quiet title claim.

D.  *Request for Leave to Amend*

In their response, plaintiffs request leave to amend the complaint. As a general rule, where a complaint fails to state a claim, a court should generally give a *pro se* party an opportunity to amend

the complaint unless it plainly appears that the plaintiff will be unable to allege sufficient facts to state a claim. *See Brown v. Matauszak*, 415 Fed. Appx. 608, 614-15 (6th Cir. 2011); *Gordon v. England*, 354 Fed. Appx. 975, 981-82 (6th Cir. 2009). Indeed, even in the case of represented parties the Sixth Circuit has "held that 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (quoting *Equal Employment Opportunity Comm'n v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993) (in turn quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991))). Nevertheless, the Court should conclude that plaintiffs are not entitled to amend their complaint.

First, plaintiffs have effectively already been given the opportunity to properly seek leave to amend his complaint, and has failed to do so. As explained above, after counsel appeared for plaintiff, I entered a scheduling order allowing counsel to file an amended complaint by November 5, 2012. When counsel failed to meet this deadline, I conducted another status conference, and entered an order extending until January 15, 2013, the deadline for the filing of a motion to amend the complaint. That order specifically warned that failure to file a stipulated amended complaint, a motion for leave to amend, or a further response to defendant's motion to dismiss could lead to a recommendation that the Court dismiss the case for failure to prosecution. Notwithstanding these warnings and the repeated opportunities plaintiffs were given to seek leave to amend the complaint, neither a motion for leave to amend nor a response to defendant's motion to dismiss was filed.

Second, notwithstanding the general rule that a plaintiff should be given an opportunity to amend the complaint prior to dismissal of the action, a Court may dismiss the action where amendment would be futile. Here, plaintiffs raise a litany of vague, conclusory claims that have been repeatedly rejected by the federal courts. For the most part, the claims are without merit regardless

of the facts alleged by plaintiff. For example, regardless of any additional factual allegations plaintiffs could make, it is clear that their FDCPA claim fails because defendant is not a debt collector, that their REMIC and UCC claims simply provide no legal basis for relief, and that their RESPA claim is untimely. Plaintiffs do not offer in their response any additional factual allegations, or any basis upon which to conclude that they could allege any facts that would be sufficient to state a claim for relief on any of the legal bases asserted in the complaint. In these circumstances, the Court may dismiss the action without first providing plaintiffs an opportunity to amend the complaint. *See Easton v. Fannie Mae*, No. 12-cv-10663, 2012 WL 1931536, at *4 (E.D. Mich. May 29, 2012) (Steeh, J.); *Dersch v. BAC Home Loan Servicing, LP*, No. 1:11-CV-267, 2011 WL 3100561, at *4 (W.D. Mich. July 25, 2011).

E.   *Conclusion*

In view of the foregoing, the Court should conclude that plaintiffs' complaint fails to state any claim upon which relief may be granted. Accordingly, the Court should grant defendant's motion to dismiss.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


           s/Paul J. Komives
           PAUL J. KOMIVES
           UNITED STATES MAGISTRATE JUDGE

Dated: 1/18/13

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail and on January 18, 2013
>
>       s/Eddrey Butts
>       Case Manager

14